## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO:  2:18-CV-934 ) ) |
| BRIDGET M EHRHART-BENNETT aka BRIDGET M MONTAVON, | ) ) ) |
| Defendant. | ) ) |

## **COMPLAINT**

Now comes the United States of America, by and through its legal representative, the United States Attorney for the Southern District of Ohio, and for its cause of action alleges:

1. Jurisdiction is founded on 28 U.S.C. § 1345.

2. Defendant resides within this judicial district and division.

3. On February 26, 2008, defendant submitted an application to the Department of Veterans Affairs' National Nursing Education Initiative (NNEI) for the enrollment period of April 7, 2008 until March 26, 2010. The Defendant agreed to repay the total of $23,914.00 as set forth in said application. A true copy of said application is attached hereto, marked as "Exhibit A", and by this reference made a part hereof.

4. Also, on February 26, 2008, defendant executed and signed a contract with the Department of Veterans Affairs' National Nursing Education Initiative (NNEI).  A true copy of said contract is attached hereto, marked as "Exhibit B", and by this reference made a part hereof.

5. On or about October 5, 2010, defendant breached her contact with the Department of Veterans Affairs for failure to complete obligated service. In accordance with VHA Handbook 1020.1, Section D, Paragraph5, "if a participant breaches the agreement by failing for any reason to complete such participant's period of obligated service, the United State shall be entitled to recover from the participant an amount of triple damages for the amount paid under this subchapter, to or on behalf of the participant." The National Nursing Education Initiative (NNEI) awarded and paid on behalf of the defendant, $21,504.00. Pursuant to Section D, paragraph 5 of the signed contract (Exhibit A), defendant is obligated to repay the United States $64, 512.00, which is triple of said amount.

6. Although payment has been demanded, payment has not been made by the defendant in accordance with the terms of said contract and the entire balance has become due and payable.

7. After all payments on said contract have been properly credited, the entire unpaid balance due and owing to plaintiff from defendant is $64,512.00 principal, and $5,372.88 interest accrued through November 27, 2010, with additional interest accruing on the principal balance from said date at the rate of .010 percent per annum, all of which is evidenced by the Certificate of Indebtedness which is attached hereto, marked as "Exhibit C" and by this reference made a part hereof.

WHEREFORE, plaintiff prays for judgment against defendant in the amount of $64,512.00 principal, and $5,372.88 interest accrued through November 27, 2010, and additional interest on the principal balance from said date at the rate of .010 percent per annum to the date of judgment.

Plaintiff further prays for its costs and for an award of postjudgment interest at the highest rate allowable by law, and for all further just and proper orders.

        Respectfully submitted,

        BENJAMIN C. GLASSMAN
        United States Attorney

        s/Bethany J. Hamilton
        BETHANY J. HAMILTON (0075139)
        Assistant United States Attorney
        Attorney for Plaintiff
        303 Marconi Boulevard, Suite 200
        Columbus, Ohio 43215
        Office: (614) 469-5715
        Fax: (614) 469-5240
        E-mail: Bethany.Hamilton@usdoj.gov

# Department of Veterans Affairs

## NATIONAL NURSING EDUCATION INITIATIVE (NNEI) APPLICATION
### For Nurses Enrolled in or Formally Accepted to an Education or Training Program

NOTE: Print or type all entries in Sections 1 and 2

### Section 1 – General Identification Information and Educational History

**1. Facility Name:** Department of Veterans Affairs Medical Center - Chillicothe, Ohio
**2. Facility Number:** 538

**3. Last Name:** Montavon
**4. First Name:** Bridget
**5. Middle Initial:** M

**6. Social Security Number:** XXX-XX-5805
**7. Home Phone (Include area code):**
**8. Work Phone (Include area code):**

**9. VA Employment Status** (Check one only): ☒ Full-time ☐ Part-time

**10. CODES:**
- Occupational Series Code: 0610
- Title Code: 50
- Assignment Code: 88

**11. Current Job Title:** Registered Nurse, Nurse Manager

**12. Current Grade:** ☐ Nurse I ☒ Nurse II ☐ Nurse III ☐ Nurse IV

**13. Name of Rating Official:** Cindy Norton-Rousch, MSN, RN
**14. Official's Work Phone (Including area code):** 740-773-1141 extension 7244

**15. Highest Degree Obtained** (Check only highest completed): ☐ Associate ☒ Bacculaureate ☐ Master's ☐ Other (Specify)

**16. Total Number of Semester Hours Accumulated to Date:** 2
*(Note: To convert Quarter Hours to Semester Hours, multiply the number of Quarterly Hours by two-thirds)*

### Section 2 – National Nursing Education Initiative Enrollment Information

**17. Degree Sought via the NNEI** (Check one only): ☐ Associate ☐ Bacculaureate ☒ Master's ☐ Other (Specify)

**18. Program Start Date (MM/DD/YY):** 04/07/2008
**19. Estimated Program Completion Date (MM/DD/YY):** 03/26/10

**20. Type of Program** (Check one only):
- ☐ A. Traditional programs consisting of curricula offered in a campus setting.
- ☒ B. Non-Traditional programs consisting of curricula offered in off-campus settings (e.g., distance learning via the Internet).

**21. Program Description:**
The Community-based Family Nurse Practitioner (CFNP) curriculum has a strong academic and clinical basis. In addition, the CFNP curriculum is unique in providing a strong foundation in understanding the business of primary care. This includes assessing a community to discover the primary care needs, learning how to develop a plan for having a fiscally viable practice, and working within the license and insurance regulations of the student's state. Women's health, including care of the childbearing woman, is a strong component of the program

**22. Name, Address, City, State and Zip Code of Educational Institution(s) where accepted or enrolled**
*Attach a copy of your Letter of Acceptance, or a copy of an official transcript.*

**22a. Educational Institution Name:** Frontier School of Midwifery & Family Nursing (FSMFN)
http://www.midwives.org

**22b. Address (City, State, Zip):** P.O. Box 528, 195 School Street
Hyden, KY 41749

**23. Complete the following if you are enrolled in or have been accepted to an education program that is supported by your VISN.**

| 23a. VISN/STN No. | 23b. Course Name (or other identification) | 23c. Start Date (MM/DD/YY) | 23d. End Date (MM/DD/YY) |
|---|---|---|---|
| | | | |

VA FORM 10-0003L
NOV 1999

GOVERNMENT EXHIBIT A

Page 1

| 24. Total Number of Semester Hours Required to Complete Program 57 (Note: To convert Quarter Hours to Semester Hours, multiply the number of Quarter Hours by two-thirds) | 25. Attendance Schedule (Check one only) ☒ Full-Time ☐ 1/2 Time ☐ 3/4 Time ☐ 1/3 Time ☐ 2/3 Time ☐ 1/4 Time | ☐ Other (Specify) |
|---|---|---|

26. Estimate Total Program Tuition Costs by Type of Education Institution

| 26a – Type of Educational Institution | 26b – Estimated Tuition Costs | 26c – Total Semester Hours Required |
|---|---|---|
| Traditional | | |
| Non-Traditional | 20,900.00 | 55 |
| TOTAL OF COLUMNS 26b AND 26c | 20,900.00 | 55 |

| 27. Estimated Total Other Reimbursable Program Costs | 3014.00 | (Total all non-tuition allowable expenses) |
|---|---|---|
| 28. Estimated Total Program Costs | 23,914.00 | =(Total of 26b plus item 27 total) |
| 29. Average Cost per Semester Hour | 435.00 | =(Total in Item 28 divided by 26c) |

30. Estimate Program Fiscal Year (FY) Contracted Education Costs (Note: FY total includes all tuition and other allowable expenses)

| Type of Educational Institution | FY 08 | FY 09 | FY10 | FY 11 | FY 12 | FY 13 |
|---|---|---|---|---|---|---|
| Traditional | | | | | | |
| Non-Traditional | 11584.00 | 8610.00 | 3720.00 | | | |
| FY COLUMNS TOTALS | 11584.00 | 8610.00 | 3720.00 | | | |

| 31. Estimated Total Program Costs (Note: Total must equal Item 28, Total Program Costs) | $23,914.00 | =(sum of all item 30 FY Column Totals) |
|---|---|---|

| 32. Do have have a Mentor? ☒ YES ☐ NO (If No, go to Item 33) | 32a. Name of Mentor Cathy Moore, MSN, RN, BC | 32b. Title of Mentor Nurse Educator |
|---|---|---|

| 33. Working Condition Flexibility | 33a. Will special working condition arrangements be required to support your EISP attendance requirements? ☒ YES ☐ NO |
|---|---|
| | 33b. If the answer to 32a is Yes, briefly describe the arrangements required. NP student will have many hours of clinical time and may need a compressed work schedule during the second year. |
| | 33c. If arrangements are required, have they been implemented yet? (Check one only) ☐ YES ☒ NO |

Section 3 – AUTHENTICATION (When Completed, forward copy to HCSDRO.)

CONSENT: I authorize the educational institution in which I am, or will be, enrolled to release to VA information regarding my enrollment status and academic standing, including grad point average, both now and while I am participating in the VA Emplee Incentive Schoalrship Program. I understand that this authorization is voluntary, and that I may revoke this consent at any time. However, I further understand that if I voluntarily revoke this authorization after the award of the scholarship, my scholarship award will be terminated and I will be liable for the damages in accordance with provision of Section 7675, Title 38, United States Code.

Signature of Employee: Bridget Ehrhart Montavon RN, BSN    Date: 2-26-08

I hereby certify that I have reviewed this application and recommend the applicant named above for participation in the National Nursing Education Initiative Program.

Signature of Director or designee: [signature] PhD RN    Date: 3-10-08
JEFFREY T. GERING, FACHE  Medical Center Director   (00)

VA FORM NOV 1999  10-0003L    Page 2

**Department of Veterans Affairs**

# NATIONAL NURSING EDUCATION INITIATIVE (NNEI) SCHOLARSHIP PROGRAM CONTRACT

**INSTRUCTIONS:** Do not make any alterations to this document. Only use ballpoint pen to complete.

SECTION A - The Department of Veterans Affairs (VA) Employee Incentive Scholarship Program (EISP) was established by Title VIII of Public Law 105-368 (the "Department of Veterans Affairs Health Care Personnel Incentive Act of 1998") and codified at sections 7671-7676 of Title 38, United States Code. Under this authority, the VA may award scholarships under they EISP to support the NNEI.

SECTION B - Obligations of the Under Secretary for Health. Subject to availability of funds appropriated by the Congress of the United States for the Employee Incentive Scholarship Program, the Under Secretary for Health agrees to:

1. Provide the undersigned employee with an NNEI award consisting of the payment of tuition and reasonable educational expenses as authorized by 38 U.S.C. §§7671-7675.

2. Ensure that each employee selected to participate in the NNEI is an eligible Department employee who, as of the date on which the employee submits an application for participation in the NNEI, has been continuously employed by the Department for not less than one year.

3. Appoint the employee to a position providing health services in accordance with Section C9 of this contract. This will be accomplished as soon as possible after the employee completes the NNEI sponsored education or training and meets all the applicable qualification requirements for appointment to the position.

SECTION C - Obligation of the Employee. In consideration of payments under the NNEI, the employee agrees to:

1. Accept the NNEI award provided by the Under Secretary for Health under Section B1 of this contract.

2. Pursue education or training in a field leading to appointment or retention in a Title 38 or Hybrid-Title 38 position listed in 38 U.S.C., Section 7401 in a health care discipline for which recruitment or retention of qualified personnel is difficult. This education or training must be approved by the Under Secretary for Health for participation in the NNEI.

3. Maintain full-time or part-time enrollment until completion of the course of study for which the scholarship award is provided.

4. Maintain an acceptable level of academic standing as determined by the educational institution, while enrolled in the course of study for which the scholarship award is provided.

5. Complete all coursework within a maximum of three years after enrollment for full-time students, and a maximum of six years after enrollment for part-time students.

6. Notify the Program Coordinator in writing, of any of the following changes within 10 working days: change in name, address, telephone number, enrollment status, program of study, or academic standing.

7. Ensure that the NNEI program officials have access to educational or training institution official transcripts and other information and documents required to assess the academic standing, status and progress of the scholarship recipient.

8. Serve a period of obligated service. All full-time and part-time employees who enroll in the program must serve a period of obligated service as full- time employees in the Veterans Health Administration (VHA). A full-time student will incur a service obligation of three years, regardless of the amount of education received under the NNEI. The obligated service for a part-time student is pro-rated. It is based on the proportion of the number of credit hours carried by the student in any school year to the number of credit hours required to be carried by a full-time student in the approved course of academic training. However, in no event will the requirement for obligated service under the NNEI be less than one year or greater than three years.

9. Serve the period of obligated service by providing health services in full-time clinical practice of the profession for which trained or in another health-care position in an assignment and location in VHA as determined by the Under Secretary for Health. The beginning date for the period of obligated service varies depending on the type of education or training received by the NNEI participant. This is further explained in VHA Handbook 1020.2, National Nursing Education Iniative.

**The period of obligated service for this contract is**

SECTION D - Breach of NNEI Award. If a participant:

1. Fails to accept payment or instructs the educational institution to which scholarship payments are to be made not to accept payments under this contract, the participant (other than a participant under paragraph 2 of this section) shall, in addition to the service or other obligations incurred under this contract, pay to the United States the sum of $1,500 as liquidated damages. Payment of this amount must be made within one year of the date on which the participant fails to accept payment of the NNEI Scholarship award or instructs the school not to accept payment.

2. Fails to maintain an acceptable level of academic standing in the course of study for which the award is provided; is dismissed from the educational institution for disciplinary reasons; voluntarily terminates the course of study or program

VA FORM 10-0003L-4
FEB 2002 (RS)


GOVERNMENT EXHIBIT

## NATIONAL NURSING EDUCATION INCENTIVE (NNEI) CONTRACT, CONTINUED

for which the award was granted; fails to become licensed as a Register Nurse in a State, Territory, Commonwealth of the United States (i.e., Puerto Rico) or in the District of Columbia, or fails to meet any applicable licensure requirement in the case of any other health-care personnel who provide either direct patient-care services, or services incident to direct patient-care services, during a period of time determined under regulations prescribed by the Secretary; or, fails to maintain employment, while enrolled as a part-time student in the course of training being pursued under the NNEI as a Department employee; the participant shall, instead of performing the service obligation incurred under this contract, repay to the United States all funds paid to the participant under this contract. Payment of this amount must be made within one year from the date academic training terminates.

3. Breaches the agreement by failing for any reason to complete such participant's period of obligated service, the United States shall be entitled to recover from the participant an amount determined in accordance with the following formula.

$$A = 3\Phi ( t-s / (t) ) \text{ in which:}$$

"A" is the amount the United States is entitled to recover.

"$\Phi$" is the sum of:

(a.) The amounts paid under this subchapter, to or on behalf of the participant; and

(b.) The interest on such amounts which would be payable if at the time the amounts were paid they were loans bearing interest at the maximum legal prevailing rate, as determined by the Treasurer of the United States.

"t" is the total number of months in the participant's period of obligated service, including any additional period of obligated service in accordance with Section 7673(c)(2), Title 38, United States Code.

"s" is the number of months of such period served by the participant in accordance with Section 7673, Title 38, United States Code.

The amount the United States is entitled to recover shall be paid within one year of the date the Under Secretary for Health determines that the participant has failed to begin or complete the period of obligated service. The amount the United States is entitled to recover may be offset against any salary, wages, accrued leave or retirement annuity which the participant is owed at the time the participant was terminated or failed to complete their obligated service.

SECTION E - Cancellation, Suspension, and Waiver of Obligation.

1. Any service or payment obligation incurred by a participant under this contract will be cancelled at the time of their death.

2. The Under Secretary for Health may waive or suspend the participant's service or payment obligation incurred under this contract if:

a. Compliance by the participant with the terms and conditions of this contract is impossible due to circumstances beyond the control of the participant, or

b. In cases not related to paragraph 2.a., when considered in the best interest of the Department of Veterans Affairs. Such decisions will be made by the Under Secretary for Health on an individual basis.

SECTION F - Consent for Release of Information. The undersigned employee consents to allow the educational institution in which he or she is enrolled to release to the Program Coordinator information regarding enrollment status and academic standing including grade point average at the time of application and, if selected, during the period of award participation. The applicant understands that this authorization is voluntary and the applicant may revoke the consent at any time. However, the applicant further understands that if this authorization is voluntarily revoked after the award of the scholarship, the scholarship award will be terminated and the applicant will be liable for damages in accordance with provisions of Section 7675, Title 38, Unites States Code.

SECTION G - General Provisions. The Under Secretary for Health or authorized representative must accept this contract before it becomes effective. The regulations issued by the Under Secretary for Health to implement the NNEI are incorporated into and made a part of this contract. I agree to comply with these regulations.

| APPLICANT'S NAME |
| --- |
| Bridget Ehrhart Montavon |

| APPLICANT'S SIGNATURE |
| --- |
| Bridget Ehrhart Montavon |

| DATE |
| --- |
| 2-26-08 |

(PLEASE SIGN, DATE AND RETURN)

| SIGNATURE OF UNDER SECRETARY FOR HEALTH, VETERANS HEALTH ADMINISTRATION, OR AUTHORIZED REPRESENTATIVE |
| --- |
|  |

| DATE |
| --- |
|  |

*The Program Coordinator will return a completed copy to you.*

VA FORM FEB 2002 (RS) 10-0003L-4

AGENCY NAME
CITY AND STATE

## CERTIFICATE OF INDEBTEDNESS

Debtor(s) Name(s) and Address(es) :     Bridget Ehrhart Bennett

SOUTHWEBSTER, OHIO, 45682

Total debt due United States as of 01/01/2010 :     $ 98,763.69

I certify that CHILLICOTHE VAMC records show that the debtor(s) named above is/are indebted to the United States in the amount stated above, plus additional interest on the principal balance of $ 64,512.00 from 01/01/2010 at the annual rate of 0.01 %. Interest accrues on the principal amount of this debt at the rate of $ 390.79 A MONTH per day.

The claim arose in connection with [Describe with statement such as "a loan made by the NNEI," "a Government-insured or guaranteed loan made by a private lender and assigned to the United States," "a charge by the NNEI for goods and/or services," or "an overpayment or erroneous payment by the NNEI.

[Statement of the relevant facts, including: How the debtor(s) became indebted to the United States; the date the debtor(s) defaulted on the loan, note, or obligation; principal balance of the debt; amount and rate of accrued interest on principal balance; additional charges such as penalties and administrative costs; date of last voluntary payment; and statutory authorities.]

CERTIFICATION: Pursuant to 28 USC § 1746, I certify under penalty of perjury that the foregoing is true and correct.

STEPHANIE MCKAY            Accounting Tech. Station 538 06/05/2018

(Name and Title) (Signature)            (Date)


GOVERNMENT EXHIBIT

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
BETHANY J. HAMILTON, Assistant United States Attorney
303 Marconi Boulevard, Suite 200, Columbus, Ohio 43215
(614)469-5715

## DEFENDANTS
Bridget M Ehrhart-Bennett
aka Bridget M Montavon

County of Residence of First Listed Defendant  ROSS
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment |  | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
|  | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [X] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability |  | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise |  | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / **Habeas Corpus:** |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land |  / [ ] 530 General |  |  |  |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare / [ ] 535 Death Penalty | **IMMIGRATION** |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application |  |  |
|  |  / [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 446 Amer. w/Disabilities - Other / [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions |  |  |
|  | [ ] 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C §1345
Brief description of cause:
Recovery of monies owing Department of Veterans Affairs for breach of contract

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE 9/15/18

SIGNATURE OF ATTORNEY OF RECORD
Bethany J Hamilton, Assistant U.S. Attorney

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____